## Folger v. Bishop.

1. *Abstract of the Record.*—An abstract prepared without regard to the rules of the court, consisting largely of mere conclusions of counsel as to the substance and effect of the testimony of the different witnesses, interspersed with arguments as to its weight, and confidential side remarks, is improper. For instance, the testimony of a witness covering eight pages of the bill of exceptions, is abstracted as follows: "It is not very material, except to show that Folger (the plaintiff in error) acted in good faith, and that he paid the costs and damages relative to a cow replevied."

2. *Presumptions as to the Ruling of the Trial Court—Verdict.*—The presumption of law is that the Circuit Court correctly ruled, as to the law of this case, that the verdict of the jury is in harmony with the weight of the evidence and that the judgment upon the verdict was right.

**Memorandum.**—Writ of error to reverse a judgment rendered by the Circuit Court of Vermilion County; the Hon. FRANCIS M. WRIGHT, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and the judgment affirmed. Opinion filed December 2, 1892.

### PLAINTIFF'S BRIEF.

To an action of debt on an indemnifying bond, *non damnificatus* is a good plea. Sears v. Nagler, 18 Brad. 547. There was no particular breach of any condition of the bond assigned in the declaration. General performance, therefore, was a good plea. Sears v. Nagler, 18 Brad. 547.

D. D. EVANS, attorney for the plaintiff in error.

LAWRENCE & LAWRENCE, attorneys for defendant in error.

Folger v. Bishop.

Opinion of the Court.

This is a writ of error, designed to bring before us for review a judgment rendered against the plaintiff in error in favor of the defendant in error in an action of debt.

The abstract prepared by counsel for the plaintiff seems to have been made without regard whatever to the rules of the court, and is wholly insufficient to bring before us the questions of fact which counsel apparently desires to have reviewed. The abstract consists most largely of mere conclusions of counsel for the plaintiff in error as to the substance and effect of the testimony of the different witnesses, interspersed with argument as to its weight and confidential side remarks. The testimony of W. J. Calhoun, which covers eight pages of the bill of exceptions, is abstracted as follows: "It is not very material, except to show that Folger (the plaintiff in error) acted in good faith, and that he paid the costs and damages relative to a cow replevied."

Pages 9 and 10 of the record are thus abstracted: "Pages 9 and 10, questions were asked relative to going to Dana, Indiana, without showing any necessity for going, or a request."

The testimony of the defendant in error, which occupies sixteen pages of the record, is presented by the abstract as follows:

"Testimony of Bishop on rebuttal principally confined to denying the testimony of Folger, Patten, Leggett, Lee, Davis and Fisk."

The testimony of William French, one of the witnesses for the defendant in error, appears in the abstract in this manner: "William French's testimony. It displays considerable feeling but not much sense and has not much weight. It is not considered essential to abstract it." As to the instructions given, refused and modified, of which complaint is made, the abstract is as follows:

"They are too numerous and lengthy to be set out in the abstract."

The presumption of law is, that the Circuit Court cor-

rectly ruled as to the law of the case, and that the verdict of the jury was in harmony with the weight of the evidence, and that the judgment of the court upon the verdict was right.   The presumption must prevail as against all that is properly brought to our notice by the abstract.

The plaintiff in error filed ten pleas to the declaration, to one of which, the fourth, a demurrer was sustained.   This is complained of as error.   The pleas are not set out in the abstract, but we have examined the record and think the de-, murrer was properly sustained to this plea and that it might with great propriety have been extended to and sustained against at least three other of the pleas.

All proper grounds of defense, including that endeavored to be interposed by the fourth plea, are fully presented by other pleas upon which the issues were made.

It may not be amiss to say that the evidence found in the record of the case does not warrant the conclusion that upon the merits of the controversy the verdict of the jury or the judgment of  the court ought to have been different.

The judgment is affirmed.